No. 149.—PAULINE LOTT AND HARRY LOTT. *v.* WILLIAM MILLS AND SHERIFF.

Evidence to establish title is not admissible in a possessory action.

APPEAL from the Ninth Judicial District Parish Court of the parish of Rapides. *Wm. A. Seay*, attorney-at-law, selected to try recused cases. *R. A. Hunter*, for plaintiffs and appellees. *Ryan & White*, for defendants and appellants.

TALIAFERRO, J. The defendant, as executor of Edward Johnson, deceased, procured from the Parish Court an order of sale of a certain house and lot in the town of Alexandria, which, he alleges, belongs to the succession of Johnson, and was proceeding to have the property sold by the sheriff when the plaintiffs obtained a writ of injunction restraining the sheriff from making the sale.

The ground stated for the injunction is disturbance of the plaintiffs in the peaceable possession of the house and lot which they had enjoyed, as they allege, for a number of years, and which they had held and occupied as owners. Judgment was rendered in favor of the plaintiffs perpetuating the injunction and quieting them in their possession of the property seized. The defendant has appealed.

We find several bills of exceptions in the record, but do not deem it important to the decision of the case that they should be formally examined. The action is in its character essentially possessory. That is the true issue made up between the parties, and we think the ruling of the court rejecting evidence going to show title was correct. This exclusion of testimony of that character forms the subject matter of several of the bills of exceptions.

We seldom meet with a record so abounding in contradictory statements of witnesses as the one now under consideration. There is certainly a considerable amount of the plaintiffs' evidence to which we cannot attach much credit; still, we think that the question of possession is made out and that the judgment rendered in the lower court is correct.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs. in both courts.

Rehearing refused,